UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DANE L. DUCKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00024 |
| | ) |
| CUMBERLAND COUNTY SHERIFF DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The Court has considered Dane L. Duckett's Objection to the Recommendation of the Courts ("Objection") (Doc. No. 269), seeking reconsideration of the Report and Recommendation ("R&R") (Doc. No. 267) and the Order adopting the R&R granting Defendants' Motions for Summary Judgment (Doc. No. 268). The Court dismissed this case because the summary judgment record reflects ongoing medical treatment to Duckett, received while in custody, which undermined his deliberate indifference claim. Duckett did not object to the R&R. Five days after the Court adopted the R&R, Duckett filed his Objection. (Doc. No. 269 at 1). He states that he received the R&R on August 24, 2022, but had "no way" to timely respond because he was "locked down 23-1" while incarcerated. (See id.). His Objection specifically requests reconsideration because Casey Cox and Dr. Richard Buurman had knowledge of his serious medical condition and failed to follow professional and medical standards. (See id. at 2–4). Duckett's Objection is OVERRULED.[1]

---

[1] Were the Court to construe the Objection as a Rule 59(e) motion, it would reach the same conclusion. A court may grant a Rule 59(e) motion where the movant demonstrates: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a

First, the Objection is untimely. After receiving the R&R on August 24, 2022, Duckett concedes that he made no objections. (See Doc. No. 269 at 1). He asks the Court to excuse his failure to object because he had "no way" of filing objections due to his incarceration. (See id. at 1, 6). But Duckett does not offer any elaboration on what occurred that prevented him from filing timely objections or requesting an extension of time to file objections. (See id. at 1). It Is true that he is incarcerated, but without some explanation on why he could not timely respond, the Court has only his conclusory statement, which is insufficient. Without more, the Objection is untimely and need not be considered. See Fed. R. Civ. P. 72(b); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

Nonetheless, his Objection lacks merit. His arguments fall into two categories: (1) allegations of deliberate indifference to a serious medical condition, (Doc. No. 267 at 2–3), and (2) statements from the Court's ruling that he believe support his claim. (Id. at 3–4).

Regarding the first category, Duckett says that Defendants were deliberately indifferent to his medical needs, citing evidence of his declining health and the actions of Dr. Buurman. Specifically, he states that Dr. Buurman failed to follow professional standards by ordering only one blood test, failing to explain the results of medical testing, misinforming Duckett about his health, and missing court dates. (Id. at 2–3). Fatally, these arguments fail to confront, or even acknowledge the R&R. The Objection must "pinpoint those portions of the magistrate's report that the district court must specially consider." Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (internal quotation marks omitted). These arguments were already raised by Duckett, (Doc. No. 250 at 2–7), and found unavailing when considered by the Court. (See Doc. No. 267 at 7 n.3, 34–

---

need to prevent manifest injustice. Hayes v. Norfolk S. Corp., 25 Fed. Appx. 308, 315 (6th Cir. 2001). The Objection does not provide any of these bases. (See generally Doc. No. 269).

2

36). Restating previous arguments will not suffice. See Jarbou v. JPMorgan Chase Bank N.A., 611 F. App'x 342, 343 (6th Cir. 2015) (affirming the adoption of a magistrate's report and recommendation when "[p]laintiffs did not file specific objections, but rather rehashed the arguments from its response to [defendant]'s motion . . . ."); see also Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed."). Nevertheless, the R&R makes clear that his criticism of the medical care falls short of the intentional or reckless disregard of Duckett's serious medical needs.

The second category arises entirely from a prior Report and Recommendation (Doc. No. 127). Here, Duckett restates the law previously adopted by the Court, (compare Doc. No. 269 at 3, with Doc. No. 127 at 7–9), and quotes it liberally, attempting to apply the Court's rationale in denying a motion to dismiss to the instant Objection. (Doc. No. 269 at 3–4 (quoting Doc. No. 127 at 9)). This second category—which contains all of his remaining arguments—fails for the same reason as the first category; it does not confront the R&R. See Miller, 50 F.3d at 380. Even if construed as a proper objection, that Duckett survived dismissal under Rule 12(b)(6) is irrelevant to the R&R's consideration of summary judgment under Rule 56. (Compare Doc. No. 127 at 5–6, with Doc. No. 267 at 22–24). "[W]ithout explaining the source of error" in the R&R, the Objection must fail. Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Accordingly, the Objection (Doc. No. 269) is **OVERRULED**, and the requested relief **DENIED**. This case remains closed.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE